UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEBRA ANN SMITH,

    Plaintiff,                          CIVIL ACTION NO. 14-CV-14571

vs.                                DISTRICT JUDGE LAURIE J. MICHELSON

                                        MAGISTRATE JUDGE MONA K. MAJZOUB
COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Debra Smith seeks judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to Social Security benefits for her physical impairments under 42 U.S.C. § 405(g). (Docket no. 1.) Before the Court are Plaintiff's Motion for Summary Judgment (docket no. 11) and Defendant's Motion for Summary Judgment (docket no. 12). The motions have been referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 3.) The Court has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

I.     Recommendation

The undersigned recommends that Plaintiff's Motion for Summary Judgment [11] be DENIED and that Defendant's Motion for Summary Judgment [12] be GRANTED.

II.     Procedural History

Plaintiff filed an application for Supplement Security Income with a protective filing date

1

of October 1, 2012, and an application for Disability Insurance Benefits with a protective filing date of October 16, 2012, in both of which she alleged that she had been disabled since July 1, 2012, due to back problems, obesity, diabetes, knee problems, depression, and anxiety. (*See* TR 25, 27, 171-80.) The Social Security Administration denied benefits. (*See* TR 25.) Plaintiff then requested a *de novo* hearing, which was held on July 24, 2013, before Administrative Law Judge (ALJ) Ben Barnett, who subsequently found that Plaintiff was not entitled to benefits because she was capable of performing a significant number of jobs in the national economy. (TR 25-35.) The Appeals Council declined to review the ALJ's decision, and Plaintiff commenced this action for judicial review. The parties then filed their instant Motions.

### III.  Plaintiff's Testimony, Medical Evidence, and Vocational Expert Testimony

Plaintiff (docket no. 11 at 1-14), Defendant (docket no. 12 at 4-7), and the ALJ (TR 30-33) each set out a detailed factual recitation with regard to Plaintiff's medical record, the vocational expert's testimony, and Plaintiff's hearing testimony. The undersigned finds that there are no material inconsistencies between these three recitations of the record. Therefore, the undersigned will incorporate these statements of fact by reference. Additionally, the undersigned has conducted an independent review of Plaintiff's medical record and the hearing transcript and will include comments and citations as necessary throughout this Report and Recommendation.

### IV.  Administrative Law Judge's Determination

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2017; that she had not engaged in substantial gainful activity since July 1, 2012, her alleged onset date; and that she suffered from severe "degenerative disc disease; sponylolisthesis (sic) at L5-S1, status post-surgery; L5 radiculopathy, status post L4 and L5 laminectomy and

inter-body fusion; obesity, diabetes mellitus, and left knee arthritis, status post arthroscopy and articular debridement, removal of cartilaginous loose bodies." (TR 27.) The ALJ also found that Plaintiff's anxiety and depression were nonsevere. (TR 28.) The ALJ then found that her impairments did not meet or equal those listed in the Listing of Impairments. (TR 29-30.) The ALJ found, however, that Plaintiff's allegations regarding the extent of her symptoms were not wholly credible and that Plaintiff had the residual functional capacity to perform light work with the following additional exceptions:

> . . . [C]laimant must have the option to sit and/or stand option (sic) defined as: allowing the claimant to sit or stand, alternatively, at will, provided she is not off-task greater than ten percent of the work period. She can occasionally climb ramps and stairs; but can never climb ladders, ropes, or scaffolds. The claimant can frequently balance; and can occasionally stoop, kneel, crouch, and crawl.

(TR 30-33.) The ALJ then determined, in reliance on the VE's testimony, that Plaintiff was capable of performing a significant number of jobs in the national economy. (TR 33-34.) Therefore, the ALJ found that Plaintiff was not disabled under the Social Security Act from July 1, 2012, through the date of his decision. (TR 34-35.)

## V. Law and Analysis

### A. Standard of Review

Pursuant to 42 U.S.C. § 405(g), this Court has jurisdiction to review the Commissioner's final decisions. Judicial review of the Commissioner's decisions is limited to determining whether his findings are supported by substantial evidence and whether he employed the proper legal standards. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Walters v. Comm'r*, 127 F.3d 525, 528 (6th Cir. 1997). Substantial evidence is more than a scintilla but less than a preponderance; it is "'such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion.'" *Richardson*, 402 U.S. at 401 (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Walters*, 127 F.3d at 528. It is not the function of this Court to try cases *de novo*, resolve conflicts in the evidence, or decide questions of credibility. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, the court must examine the administrative record as a whole. *See Kirk v. Sec'y of Health and Human Servs.*, 667 F.2d 524, 536 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the reviewing court would decide the matter differently, *Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *See Her v. Comm'r*, 203 F.3d 388, 389-90 (6th Cir. 1999); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (noting that the substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts").

### B. Framework for Social Security Determinations

Plaintiff's Social Security disability determination was made in accordance with a five-step sequential analysis. In the first four steps, Plaintiff was required to show that:

(1) Plaintiff was not presently engaged in substantial gainful employment; and

(2) Plaintiff suffered from a severe impairment; and

(3) the impairment met or was medically equal to a "listed impairment;" or

(4) Plaintiff did not have the residual functional capacity (RFC) to perform relevant past work.

*See* 20 C.F.R. § 404.1520(a)-(f). If Plaintiff's impairments prevented Plaintiff from doing past

work, the Commissioner, at step five, would consider Plaintiff's RFC, age, education, and past work experience to determine if Plaintiff could perform other work. If not, Plaintiff would be deemed disabled. *See id.* at § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Her*, 203 F.3d at 391. To meet this burden, the Commissioner must make a finding "supported by substantial evidence that [the claimant] has the vocational qualifications to perform specific jobs." *Varley v. Sec'y of Health and Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). This "substantial evidence" may be in the form of vocational expert testimony in response to a hypothetical question, "but only 'if the question accurately portrays [the claimant's] individual physical and mental impairments.'" *Id.* (citations omitted).

### C. Analysis

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter upon the pleadings and transcript of the record, a judgment affirming, denying, or reversing the decision of the [Commissioner], with or without remanding the cause for a hearing. 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10-207, 2011 WL 2292305, at *8 (E.D.Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174). Plaintiff's arguments are

5

not entirely clear, but she appears to assert that this matter should be reversed or remanded because (1) the ALJ's determination that she could perform light work was erroneous, and (2) the ALJ improperly applied Grid Rule 202.21 where he should have applied Grid Rule 201.14. (*See* docket no. 11.)

### 1. The ALJ's finding that Plaintiff Could Perform Light Work

Plaintiff asserts that the ALJ erred in finding that she could perform light work for two reasons. First, Plaintiff contends that the ALJ ignored her testimony and a restriction from her doctor limiting her to lifting no more than five pounds. (Docket no. 11 at 15.) Second, Plaintiff argues that SSR 83-10 states that performing a full range of light work requires an individual to stand or walk for approximately six hours of an eight-hour workday; therefore, the ALJ's finding that she required the option to sit/stand at will precluded her from being able to perform light work. (*Id.*) The undersigned does not find Plaintiff's argument persuasive.

With regard to the five-pound limitation, Plaintiff is correct that her treating physician, Dr. Fitch, limited her to lifting no more than five pounds in March 2013. (*See* TR 398-99.) But the ALJ acknowledged this restriction, noting that her condition improved in the months following her surgery:

> In March 2013, Dr. Fitch, again indicated that the claimant could return to work and wrote a note limiting the claimant to lifting no more than give pounds and indicated that she needed an option to sit or stand as needed; he also recommended a function exam to assess the claimant's limitations. Dr. Fitch indicated that he could reassess the claimant's work capacity in three months after the January exam.
>
> Although Dr. Fitch indicated that the claimant was restricted to five pounds of lifting, in January 2013, Dr. Rakesh Patel indicated that the claimant could return to work in February 2013 without the restrictions that he had indicated in January 2013. . . . Then in March 2013, Dr. Patel indicated that the claimant could return to activities as tolerated. On examination in June 2013, the claimant's gait was normal, there was no spasm, muscle tone was normal, and strength was normal in

6

> the bilateral lower extremities, she had decreased range of motion and strength in the right ankle. During that June examination, the claimant reported that she had not returned to see the surgeon, had not gone to physical therapy, was not receiving treatment, and was using Tylenol for pain. The claimant's lack of treatment and the improvements in the physical examination do not support work restrictions at the same level that Dr. Fitch indicated. I find that the claimant can perform lifting up to twenty pounds occasionally and ten pounds frequently; however, I find that she must have the option to sit and stand, at will, as described above.
>
> . . .
>
> . . . I considered the five pound restriction given immediately after the claimant's back surgery. This restriction was not intended to reflect the claimants long term limitations. I give these short-terms (sic) restrictions little weight and find that the claimant is not as limited now as she was shortly after undergoing surgery.

(TR 31-32.) Thus, while Plaintiff does not agree with the ALJ's findings, it is clear that he considered all of the available evidence when determining Plaintiff's ability to lift more than five pounds. And as discussed, *supra*, it is not the Court's role to evaluate or resolve conflicts in the evidence. *See Brainard*, 889 F.2d at 681; *Garner*, 745 F.2d at 387. Here, the ALJ's decision is supported by substantial evidence, and while Plaintiff's contention may also be supported, this determination falls within the ALJ's zone of choice.

With regard to Plaintiff's contention that an at-will sit/stand option precludes her ability to perform light work, Plaintiff has provided no basis for such a broad generalization. Plaintiff's argument relies on an example from the Program Operation Manual System (POMS), in which an individual falling between light and sedentary work levels was limited to sedentary work because the individual had a "significantly reduced capacity to perform light work." (Docket no. 11 at 16-17.) But the individual in the POMS example was limited to standing or walking for only two hours in an eight-hour workday. (*Id.* at 16.) Plaintiff asserts that an at-will sit/stand option would allow her to choose to sit for an entire day, thus requiring sedentary work, but the ALJ

7

resolved this conflict by asking the VE to assume that Plaintiff had an at-will sit/stand option. The VE testified that such an individual could perform work as a small products assembler, a cashier, or a ticket seller. (*See* TR 33-34.) Therefore, notwithstanding Plaintiff's argument, the VE's testimony, based on her expertise and knowledge, provided substantial evidence to support the ALJ's finding that even after the light-work base was eroded by Plaintiff's sit/stand requirement, there were still a significant number of jobs in the national economy that Plaintiff could perform.

### 2. Plaintiff's GRID Argument

In reaching his determination, the ALJ relied, in part, on Medical Vocational (GRID) Rule 202.21, noting that "[i]f the claimant had the residual functional capacity to perform the full range of light work, a finding of "not disabled" would be directed by [GRID] Rule 202.21." (TR 34.) Plaintiff argues that even considering this rule was error because the rule applies to individuals between the ages of 45 and 49, and although she was 49 years old, she was only 45 days shy of her 50th birthday, which would have placed her in the "closely approaching advance age" category. (Docket no. 11 at 17-18.) Therefore, Plaintiff contends, the ALJ should have considered her age to be "borderline," he should have considered her to be 50 years old, and he should have applied GRID Rule 201.14 to find her disabled. (*Id.* at 18-22.)

While Plaintiff's argument flows logically, it rests of several inaccurate assumptions. As Defendant asserts, GRID Rule 201.14 applies to individuals who are between 50 and 54 years old, have a high-school education, do not have transferrable skills, and are limited to sedentary work. While it would have been acceptable for the ALJ to place Plaintiff in the "closely approaching advanced age" category at 50 years old, nothing in the evidence presented by Plaintiff compelled

8

him to do so. *See* 20 C.F.R. §§ 404.1563(b), 416.963(b); *Bowie v. Comm'r of Soc. Sec.*, 539j F.3d 395, 399 (6th Cir. 2008); *Crady v. Sec'y of Health & Hum. Servs.*, 835 F.2d 617, 622 (6th Cir. 1987). And while Plaintiff does not directly address the issue, the ALJ did not find that she did not have transferable work skills; instead, he made no final determination on the matter. (TR 33.) Most notably, however, Plaintiff's argument rests on the assumption that the ALJ erred in not limiting her to sedentary work. But as discussed, *supra*, the ALJ's finding that she could perform less than a full range of light work is supported by substantial evidence. Therefore, Plaintiff's GRID argument fails as well.

## VI. Conclusion

For the reasons discussed above, Plaintiff's Motion for Summary Judgment [11] should be DENIED and Defendant's Motion for Summary Judgment [12] should be GRANTED.

## REVIEW OF REPORT AND RECOMMENDATION

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Rule 72.1(d)(2) of the *Local Rules of the United States District Court for the Eastern*

9

*District of Michigan*, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

Dated: September 18, 2015          s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served on counsel of record on this date.

Dated: September 18, 2015          s/ Lisa C. Bartlett
                                   Case Manager