UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DEBRA ANN SMITH,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant. | Case No.  2:14-cv-14571<br>Honorable Laurie J. Michelson<br>Magistrate Judge  Mona K. Majzoub |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [13],
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [12], AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [11]**

Plaintiff Debra Smith worked for many years as a bus driver for disabled kids. In 2009, Smith began to suffer from back pain and, by July 2012, she had stopped working at least in part because of her pain. In October 2012, she applied for disability insurance benefits and supplemental security income asserting that her back pain, obesity, diabetes, left-knee arthritis, and depression prevented her from working full time. An administrative law judge thought otherwise. Smith then appealed here.

All pretrial matters in this case were referred to Magistrate Judge Mona K. Majzoub and she recommends that the ALJ's decision be affirmed as supported by substantial evidence. (*See generally* Dkt. 13, R. & R.)

Smith objects. (Dkt 14, Pl.'s Objs.) Highlighting findings in several medical records, she asserts that substantial evidence does not support the ALJ's conclusion that she could perform a restricted range of light work. (*See generally id.*) Although the specifics of this argument are not entirely clear, it appears that her main point is that "light work" requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour workday," SSR 83-10, 1983 WL

31251, at *6; *see also* 20 C.F.R. §§ 404.1567(b), 416.967(b), but her medical records show that she could not do that much standing or walking. (Pl.'s Objs. at 4–5.)

To address Smith's objection, it would help if the ALJ had been clearer about how much he thought Smith could walk or stand. The ALJ reduced the walking and standing limitation associated with light work from six hours in an eight-hour workday as follows: "claimant must have the option to sit and/or stand option [*sic*] defined as: allowing the claimant to sit or stand, alternatively, at will, provided she is not off-task greater than ten percent of the work period." (Tr. 30.) Although the ALJ may have meant that Smith could perform light-work jobs where sitting as needed would not take her off task for more than ten percent of the time, what the ALJ actually wrote (and told the vocational expert (Tr. 67)) is that Smith could sit at her light-work job so long as sitting did not take her off task more than ten percent of the time. But how much is that? Some light-work jobs might be such that sitting any more than two hours in a workday would mean being off task (i.e., to do the job, a bare minimum of six hours of standing or walking is necessary). Other light-work jobs might allow the worker to sit most of the time without being off task. In other words, the amount the ALJ permitted Smith to sit depends on the type of job—it is not a static limitation. And because this Court is not a vocational expert, it cannot tell whether the jobs the vocational expert identified—small products assembler, cashier, or ticket seller—are of the mostly-standing-or-walking or mostly-sitting variety. (And it is no answer that the vocational expert testified that these three jobs fit the ALJ's limitation: the three jobs could require a minimum of standing or walking for six hours with all additional sitting time being off task and fit the description.)

In short, the ALJ's sit-stand option might have significantly reduced the standing and walking demands on Smith or not so much. And this would seem to be a relevant consideration

2

in assessing whether the evidence, which indisputably shows that Smith has severe medical conditions, reasonably supports the ALJ's functional limitations. Yet no one—the Social Security Administration's Appeals Council, Smith, the Commissioner of Social Security, or the Magistrate Judge—made any mention of the ALJ's sit-stand option being vague.

Fortunately, the Court need not clarify it. The Court can assume in Smith's favor that the ALJ only reduced the walking and standing requirement associated by light work by ten percent of the work day, i.e., that he thought Smith could stand or walk for the six hours that light work requires except that she could take breaks to sit so long as those breaks did not exceed 45 minutes in total. The Court can make this assumption in Smith's favor because substantial evidence supports the ALJ's finding that Smith could meet his walking and standing limitation—even when interpreted in the manner most favorable to Smith. (To be clear, the Court is not making a finding that the ALJ did not make; whether the ALJ meant a robust or limited sit-stand option, he believed the evidence supported his limitation. The Court is simply determining whether that is so assuming the interpretation of the ALJ's finding most favorable to Smith.)

A summary of the key medical records shows why substantial evidence supports the ALJ's standing-walking-sitting limitation. In June 2009, Smith reported to a physician that she had daily pain in her back at the six-out-of-ten level and in her leg at the five- to nine-out-of-ten level. (Tr. 378.) But, at the time, Smith reported being able to walk a half-mile. (*Id.*) An MRI in July 2012 (the administrative record has a big gap) showed "severe" spinal stenosis and "severe" neural foraminal narrowing between Smith's L5 and S1 vertebrae. (Tr. 296.) But in September 2012, Smith again reported to a physician that she could walk about a half-mile before pain developed. (Tr. 296.) In November 2012, Smith underwent surgery: an L5-S1 fusion and L5 laminectomy. The next month, Smith reported an onset of leg pain of moderate severity; the pain

was apparently related to her restless leg syndrome. (Tr. 314.) In a February 2013 exam, Smith exhibited full strength in her lower extremities save for in her right extensor and flexor hallucis longus (muscles that, among other things, extend and flex the big toe). (Tr. 402.) A physician noted, "[m]ost of [Ms. Smith's] pain has improved, but she continues to have some baseline pain. . . . She is interested in returning to work and lifting of restrictions if possible." (Tr. 401.) In March 2013, an EMG confirmed that Smith had "[r]ight L5 radiculopathy" (Tr. 425), and a physician noted that Smith's low back pain and right buttock pain was "likely" attributable to that condition (Tr. 398). But the physician also provided that Smith could return to work with the following restrictions: no lifting, pushing, or pulling more than five pounds and the ability to "sit[] or stand[] as needed to control pain." (Tr. 398.) In June 2013, Smith reported to a physician that she had back pain that was "mild-moderate" and occurred persistently. (Tr. 450.) Smith said her symptoms were "aggravated by walking" but "relieved by sitting." (*Id.*)

Nothing in the foregoing indicates that it was unreasonable for the ALJ to think that Smith could perform a job that required her to stand or walk for six hours a day but permitted Smith to sit for a total of 45 minutes any time Smith needed a break. Indeed, the physician that returned Smith to work following her surgery simply provided that Smith needed to "sit[] or stand[] as needed to control pain," which is arguably consistent with the ALJ's sit-stand limitation. (The ALJ apparently thought so as it seems he adopted a sit-stand limitation because of that physician's findings. (*See* Tr. 31–32.))

In sum, the amount that the ALJ thought Smith could stand and walk is reasonable in view of the medical records. And because the ALJ's functional limitations are supported by substantial evidence, this Court has no basis to disturb them. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en

4

banc). The report and recommendation is thus ADOPTED over Smith's objections, the Commissioner's motion for summary judgment GRANTED, and Smith's motion DENIED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE

Dated:  March 11, 2016

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2016.

s/Jane Johnson
Case Manager to
Honorable Laurie J. Michelson

                          <u>s/Laurie J. Michelson</u>
                          LAURIE J. MICHELSON
                          UNITED STATES DISTRICT JUDGE

Dated: March 11, 2016

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on March 11, 2016.

                          <u>s/Jane Johnson</u>
                          Case Manager to
                          Honorable Laurie J. Michelson